[No. A054909. First Dist., Div. Five. Sept. 24, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
REGINALD CARL BAILEY, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and II.

**COUNSEL**

Andrew French Loomis, under appiontment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and George F. Hindall III, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

HANLON, J.*—Defendant Reginald Carl Bailey appeals from the judgment entered after a jury convicted him of one count of sale of cocaine base

*Judge of the San Francisco Superior Court sitting under assigment by the Chairperson of the Judicial Council.

and one count of possession for sale of cocaine base. (Health & Saf. Code, §§ 11352, 11351.5.) He was sentenced to eight years in state prison.[1]

## I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III

 Defendant asserts that he was deprived of the effective assistance of counsel by his trial counsel's comments on his manner during testimony and by counsel's failure to object to inadmissible evidence. Defendant's appointed appellate counsel was also his appointed counsel at trial; counsel notes that he raises these issues because his client asks that this court "be informed of all arguable instances of ineffective assistance."

We believe that there is an inherent conflict when appointed trial counsel in a criminal case is also appointed to act as counsel on appeal. We therefore discourage the practice of allowing such appointments even when, as here, the client signs a declaration under penalty of perjury that he does not believe ". . . there is any reason for another lawyer to review the records of my case regarding potential issues of ineffective assistance of counsel. I do not believe that such issues exist and I make no such request." We know, of course, that defendant later specifically requested his counsel raise such issues on appeal. In fact, defendant may now be estopped from raising such issues because of his declaration. Such manipulation by a defendant who, from the moment the trial began,[2] attempted to use the issue of the adequacy of counsel as a ploy to stall proceedings will undoubtedly result in further proceedings on appeal to keep the "game" going.

The American Bar Association's Model Rules of Professional Conduct, rule 1.7(b) provides: "A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibility

---

[1]Defendant was sentenced to the middle term of four years for sale of cocaine base, three years for a prior conviction for sale of a controlled substance, and one year for a prior prison term, with a concurrent four-year term for the possession-for-sale count. (Health & Saf. Code, §§ 11370, 11370.2, subd. (a); Pen. Code, §§ 1203.07, subd. (a)(11), 667.5, subd. (b).)

*See footnote, *ante*, page 1252.

[2]Our careful review of the record in this case demonstrates defendant's persistent attempts to manipulate the system. For example, on the morning of trial, defendant requested a continuance in order to hire his own counsel. After a lengthy discussion of defendant's concerns, the trial court determined the motion was not truly a *Marsden* request for new counsel and denied the motion for continuance. The court made clear, however, that should defendant appear with new counsel ready to proceed, a substitution would be granted. This never occurred.

to another client or to a third person, or by the lawyer's own interests . . . ." And, as the comment points out, "The critical questions are the likelihood that a conflict will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client." (ABA Model Rules Prof. Conduct, rule 1.7(b); see also rule 3-310(F) Rules Prof. Conduct of State Bar.)

The result is often that which is evidenced here; namely, bogus issues are raised without much analysis of whether representation was deficient. Counsel is in the untenable position of urging his own incompetency. (See *In re Fountain* (1977) 74 Cal.App.3d 715, 719 [141 Cal.Rptr. 654].) The issue of effective assistance of counsel is thus left open to further attack without a final resolution. (*In re Benoit* (1973) 10 Cal.3d 72, 78 [109 Cal.Rptr. 785, 514 P.2d 97] [habeas corpus available to attack denial of right to effective appeal].) We, therefore, disapprove appointed trial counsel being appointed to represent a defendant on appeal.

The judgment is reversed.

Haning, Acting P. J., and King, J., concurred.